IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND, By and Through Its Board of Trustees,

and

EMPLOYERS AND CEMENT MASONS #90 PENSION FUND, By and Through Its Board of Trustees,

Plaintiffs,

v.

ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION

Defendant.

Cause No.

**COMPLAINT**

The Plaintiffs, EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, complain of the Defendant, ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION, alleging as follows:

**COUNT I**
**DELINQUENT CONTRIBUTIONS/COMPEL PAYROLL AUDIT**

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Plaintiffs EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND are employee

benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time.

3. The EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND receive contributions from numerous employers, and therefore, are multiemployer plans. (*See* 29 U.S.C. §1002).

4. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

5. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6. Defendant, ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION is an Illinois Limited Liability Company maintaining its principal place of business in East St. Louis, IL 62205.

7. The Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

8. Defendant employs individuals who are participants in the employee benefit funds administered by EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND and EMPLOYERS AND CEMENT MASONS #90 PENSION FUND pursuant to a collective bargaining agreement and participation agreement to which Defendant is a party or otherwise bound (the "labor agreements").

9. The labor agreements bind Defendant to the provisions of the Plaintiffs' respective trust agreements.

10. Pursuant to the labor agreements and the trust agreements, the Defendant is required

to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the labor agreements to Plaintiffs.

11. Pursuant to §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiffs in accordance with the terms and conditions of Plaintiffs' trust agreements. (*See* 29 U.S.C. §1145).

12. Defendant employed individuals during the time period of January 1, 2015 through current, who performed work under the collective bargaining agreement for which contributions are owed to Plaintiffs.

13. Pursuant to the labor agreements and trust agreements, Plaintiffs have the right to examine the payroll books and records of the Defendant to determine whether the Defendant is paying Plaintiffs all required contributions under the labor agreements.

14. Plaintiffs demanded that Defendant provide its relevant payroll and other business records for purposes of an audit for the time period of January 1, 2015, to a current date to be established by Plaintiffs' auditor, but Defendant has refused to provide Plaintiffs with its payroll and other business records for purposes of an audit.

15. Defendant owes Plaintiffs contributions for all unreported and unpaid hours of work performed by its employees for the time period of January 1, 2015, to present.

16. Pursuant to the terms of the labor agreements and trust agreements, Defendant owes Plaintiffs liquidated damages equal to 20% of the amount of contributions that are not paid timely.

17. Defendant breached the provisions of the labor agreements and trust agreements by refusing to provide Plaintiffs with its payroll and other business records for purposes of an audit.

18. Pursuant to the terms of the labor agreements and trust agreements, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by

Plaintiffs in the collection of delinquent contributions.

19. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> * * *
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A. That judgment is entered in favor of Plaintiffs, EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND *et al.*, and against ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION for all fringe benefit contributions, interest and liquidated damages owed to Plaintiffs for the time period of January 1, 2015, through a future date including without limitation the ending date of any payroll compliance audit;

B. That ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION, be ordered to provide and or make available to Plaintiff or its auditor, within 30 days of the judgment, all payroll and other business records of ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION for the time period of January 1, 2015, through a future date determined by Plaintiffs or its auditor, in order for Plaintiffs to determine the fringe benefit contributions and other sums owed by ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION to Plaintiffs;

C. That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 1, 2015, through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which Plaintiffs are entitled to pursuant to the trust agreements and ERISA;

D. That ZOIE LLC d/b/a DANA HOWARD CONSTRUCTION is ordered to pay to the Plaintiffs all of Plaintiffs' costs attendant to these proceedings;

E. That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

Respectfully submitted,

EMPLOYERS & CEMENT MASONS #90 HEALTH & WELFARE FUND *et al.*,
Plaintiffs,

By: s/ Jacob A. Blickhan

JACOB A. BLICKHAN
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 West Jefferson
Springfield, IL 62705
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com